UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LOREN WAYNE TIDWELL,

        Petitioner,

   v.                                  CAUSE NO. 3:20-CV-1061-DRL-MGG

WARDEN,

        Respondent.

OPINION & ORDER

Loren Wayne Tidwell, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for murder and conspiracy to commit murder under Case No. 15C01-9108-CF-41. Following a trial, on April 15, 1992, the Dearborn Circuit Court sentenced him as a habitual offender to 100 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. Tidwell contends that the petition is timely under Section 2254(d)(1)(B) because the Indiana Supreme Court recently corrected its misinterpretation of state law and that this correction removed an impediment to filing the petition. Mr. Tidwell does not identify the state law or the state court decision to which he refers, but the nature of his claims suggest that he is referring to a change in the state court's interpretation of the habitual offender statute. The state court's misinterpretation of the habitual offender statute would not have prevented any petitioner from filing a petition in federal court, and Mr. Tidwell provides no other information to suggest that Section 2254(d)(1)(B) applies to this case.

After reviewing the petition, the court finds that the date on which the judgment became final is the relevant date for purposes of assessing timeliness. Mr. Tidwell does not provide all relevant dates but represents that the Indiana Supreme Court denied the

petition to transfer his post-conviction proceedings in 2003. For purposes of this order, the court will construe the petition in the light most favorable to Mr. Tidwell and assume his conviction became final and the limitations period began to run on December 31, 2003. The limitations period expired one year later on December 31, 2004. Though Mr. Tidwell made additional efforts to obtain post-conviction relief in November 2020, these efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because Mr. Tidwell filed the petition nearly sixteen years too late, the court denies the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Mr. Tidwell to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 2) because it is untimely;

(2) DENIES Loren Wayne Tidwell a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

4

(3) DIRECTS the clerk to close this case.

SO ORDERED.

January 11, 2021               *s/ Damon R. Leichty*
                               Judge, United States District Court

4